JAMES F. HUTCHISON, Trustee, Plaintiff in Error, *vs.*
CHARLES G. PAGE *et al.* Defendants in Error.

*Opinion filed June 29, 1910—Rehearing denied October 11, 1910.*

1. DEEDS—*deed intended as a mortgage may be rendered abso-
lute by parol agreement.* Where land has been conveyed by a
deed absolute in form but which is intended as security for the
payment of a *bona fide* debt, the payment of the debt may be
abandoned, in the absence of fraud, and the deed treated as an
absolute conveyance; and such an arrangement is binding though
made by parol.

2. SAME—*law does not imply fraud where deed is intended as
security for debt.* A deed absolute in form but which is intended
merely as security for a debt is not void as to the grantor's cred-
itors unless there was actual fraud in which both grantor and
grantee participated, as such a transaction is not one where the
law implies fraud.

WRIT OF ERROR to the Superior Court of Cook county;
the Hon. MARCUS KAVANAGH, Judge, presiding.

A. W. MARTIN, and EDWARD H. S. MARTIN, for plain-
tiff in error.

D. W. MUNN, for defendants in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

The plaintiff in error, James F. Hutchison, as trustee
in bankruptcy of Newton C. Wheeler, bankrupt, filed his
bill of complaint in the superior court of Cook county
against Charles G. Page and Sarah E. Page, the defend-
ants in error, to set aside certain conveyances of real estate
made by Newton C. Wheeler to Charles G. Page, alleging
that the conveyances were made in order to delay, hinder
and defraud Wheeler's creditors. The defendants answered
the bill, admitting the transfers of the real estate to Page
but denying that they were made for the fraudulent pur-
pose charged in the bill. The cause was referred to the

master in chancery, who, in substance, reported that the complainant had failed to establish the averments of fraud contained in his bill. Thereupon the court entered a decree dismissing the bill for want of equity and adjudging the costs against complainant. Hutchison, as trustee, brings the record to this court for review by writ of error.

The defendant in error Sarah E. Page is the wife of Charles G. Page and the sister of Newton C. Wheeler. In June, 1893, Wheeler borrowed from Charles G. Page $4000 and gave to Page his promissory note for that sum, due one year after date, and in order to secure the payment of the note executed and delivered to Page a warranty deed to certain real estate known as 6518 Kimbark avenue, in the city of Chicago. Thereafter, on October 25, 1897, this note was canceled and surrendered and the property reconveyed to Wheeler, and in lieu thereof Wheeler delivered to Page a new note for $4000, due one year after date, and in order to secure the same executed and delivered to Page a warranty deed to certain real estate on Minerva avenue, in the city of Chicago, which he then owned, subject to a trust deed for $4000 thereon. This deed to Page appeared to be an absolute conveyance subject to the trust deed, and recited that the consideration was $10,000. It was duly recorded on November 6, 1897. Subsequently, on or about January 1, 1900, Wheeler and Page entered into an agreement whereby Wheeler relinquished his interest in the premises to Page upon the latter giving him credit for $2000 on the $4000 note held by him. At the time this agreement was effected, Wheeler, who was a lawyer, told Page that as the latter already had a deed to the premises there was no necessity for making another one. Page afterwards paid off the note for $4000, secured by trust deed upon the premises. On September 1, 1900, Wheeler sold and conveyed to Page, by warranty deed, the Kimbark avenue property for the expressed consideration of $9000, the deed reciting that the premises were subject to a trust

deed for $5000, the payment of which the grantee assumed as a part of the consideration mentioned in the deed. This deed was recorded September 24, 1900. Page canceled and surrendered to Wheeler the promissory note which he had received from him on October 25, 1897, and upon which there was still due about $2500, and paid the balance of the purchase price, amounting to about $1500, in money. Since January 1, 1900, with reference to the Minerva avenue property, and since September 1, 1900, with reference to the Kimbark avenue property, Wheeler, who resided in Chicago, has been in charge of the premises as agent for Page, who resided at Aurora, Illinois, and has during all of such period collected the rents, attended to repairs and paid the taxes. He was allowed a commission for his services, and, after deducting his expenditures and commissions from the rents received, made monthly remittances of the balance to Page. Prior to any of the transactions above mentioned, on December 7, 1892, Wheeler, being indebted to Susan O. Wyles in the sum of $800, executed and delivered to her his promissory note for that amount, due one year after date, and signed by his mother as surety. Susan O. Wyles afterwards died testate without having collected any part of this note. Charles S. Cutting was nominated and appointed executor of her will, and on July 23, 1902, he recovered a judgment for $1193.90 in the superior court of Cook county against Wheeler on this note. He caused execution to issue upon the judgment September 12, 1902, but the execution was not delivered to the sheriff until March 22, 1905, and was returned by him as received too late for service. An *alias* execution was thereupon issued, which was returned *nulla bona* and no part satisfied. On May 21, 1908, Wheeler filed his petition in the United States District Court, Northern District of Illinois, praying that he be adjudged a bankrupt. Hutchison was elected and appointed trustee in bankruptcy, and was shortly afterwards authorized and directed by the United States Dis-

trict Court to institute this suit to set aside the transfers above mentioned.

From the facts disclosed there can be no question whatever as to the status of the Kimbark avenue property. The conveyance of that property to Page in September, 1900, was absolute and for a valuable consideration. While it is true that the Kimbark avenue property had at an earlier date been conveyed to Page by a deed absolute on its face but intended merely as security for an indebtedness, Page had re-conveyed that property to Wheeler at the time the latter conveyed the Minerva avenue property to Page to secure the same indebtedness. Under this state of facts all question as to the validity of the final conveyance of the Kimbark avenue property is removed, and the only question left to be determined is whether or not the plaintiff in error is entitled to have the deed to the Minerva avenue property set aside as a fraud on the creditors of Wheeler.

Plaintiff in error contends that a conveyance of real estate which is absolute on its face but which is intended merely as security for an indebtedness is fraudulent and void as to creditors. Such a transaction is not one where the law implies fraud, as is contended, and would not be void as to creditors unless there was actual fraud in which both grantor and grantee participated. The facts here do not disclose any actual fraud. It is not contended that Wheeler was not indebted to Page, but, on the contrary, it clearly appears the indebtedness was *bona fide* and all their transactions in reference to the Minerva avenue property were in the utmost good faith. There was no attempt to defraud anyone, and no one was defrauded. The bill alleged that Wheeler was insolvent at the time he transferred the Minerva avenue property and so remained thereafter. Whether or not that situation would affect the matter in controversy here, that allegation is not supported by the proof. The only indebtedness shown, aside from that due to Page, was the amount due on the Wyles note, and the

proof shows that from the time that note was given, up until by agreement the deed to the Minerva avenue property became absolute in fact, Wheeler's equity in his real estate largely exceeded the amount due on the note. No attempt was made to show whether, during any of that period, Wheeler did or did not own other real estate. It does not appear from the record that he was insolvent at the time of the conveyance of the Minerva avenue property, or at any time thereafter until he was adjudged a bankrupt, in 1908.

Plaintiff in error contends that the contract or agreement between Wheeler and Page, whereby it was agreed that upon the payment of a further consideration the deed to the Minerva avenue property should become absolute, is void as to him, as trustee of the bankrupt's estate, for the reason that the deed having been at its inception fraudulent and void as to then existing creditors, could thereafter only take effect as a valid conveyance as to the parties thereto, and could not, by reason of a subsequent agreement between the parties, become valid or effective as against creditors. We have repeatedly held that when land has been transferred by a deed absolute in form but intended as security for the payment of a debt, the payment of the debt may be abandoned and the deed treated as an absolute conveyance although originally intended as a mortgage, and that such an arrangement may be made by parol and be binding. (*Cramer* v. *Wilson*, 202 Ill. 83, and cases there cited.) There being no fraud in the transaction at the time this deed was made there was nothing to prevent the parties to it entering into a valid agreement to make the deed absolute, thereby vesting the fee simple title in Page.

We have carefully considered all the assignments of error and find no reversible error in the record. The decree of the superior court is affirmed.        *Decree affirmed.*